

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John E. Taylor
Chief Supervisor, Oil & Gas Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

> Opinion No. 0-2245
> Re: The right of an operator to
> utilize gas produced from an
> upper horizon in lifting the
> oil produced from an oil sand
> at a lower horizon, without
> first producing the gas at the
> surface.

We have your letter of April 16, 1940, in which you ask our opinion with reference to the following situation:

An operator in a certain field in this State has a well which will produce gas from one horizon and oil from a deeper horizon. This operator has equipped his well with casing and tubing, and will perforate the casing at the level of the gas sand and also at the level of the oil sand. A packer has been installed in the annular space between the tubing and casing so as to seal off the lower oil horizon from the upper gas horizon. The gas from the gas horizon will not be produced at the surface through the annular space, but will be admitted to the tubing through a Williamson flow valve. In the tubing the gas will be utilized in lifting the oil and water from the lower oil horizon. The valve is so constructed that no fluid or gas from the tubing can escape back into the annular space, or into the oil horizon.

After stating the facts as outlined above, you ask the following questions:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John L. Taylor, Page 2.

"Does the commission have authority to allow an operator to produce concurrently from a single string of tubing or casing which taps more than one producing horizon oil and gas from an oil horizon, and gas from a horizon which, in the well, produces only gas in cases where the commission has found that such an operation is an efficient form of gas lift and that the mechanical installation is such that there will be no escape of the fluids from one horizon into another horizon within the bore of the well?"

Section 3 of Article 6008 of Vernon's Annotated Civil Statutes provides in part as follows:

"Sec. 3. The production, transportation, or use of natural gas in such manner, in such amount, or under such conditions as to constitute waste is hereby declared to be unlawful and is prohibited. The term "waste" among other things shall specifically include:

"(1) The production of natural gas from a well producing oil from a stratum other than that in which the oil is found, unless such gas is produced in a separate string of casing from that in which the oil is produced."

Section 4 of Article 6008 of Vernon's Annotated Civil Statutes provides as follows:

"Sec. 4. (a) If oil and/or gas be produced through different strings of casing set in the same well bore, the inner string through which oil and/or gas be produced shall be regarded as one well, and each successive additional string of casing through which oil and/or gas shall be produced, from a different producing horizon, the others producing through the same well bore, shall be regarded as another well.

"(b) No person in possession of or operating any oil well shall produce from such well natural gas found in a horizon productive of natural gas only."

Rule 15 of the State-wide rules and regulations of the Railroad Commission provides as follows:

Honorable John E. Taylor, Page 3.

"Rule 15. <u>Wells Not to be Permitted to Produce Oil and Gas from Different Strata.</u> --No well shall be permitted to produce oil and/or gas from different strata through the same string of casing."

The foregoing statutes and rule indicate a general policy to prohibit the production of oil and gas from different strata through the same string of casing. However, in the following statutes, express provisions are made for the use of gas from one stratum to aid in producing oil from another stratum.

Subsection 1(e) of Section 7 of Article 6008 of Vernon's Annotated Civil Statutes provides that sweet gas may be used for:

"(e) Bona fide introduction of gas into oil, or gas bearing horizon, in order to maintain or increase the rock pressure or otherwise increase the ultimate recovery of oil or gas from such horizon."

Subsection 4 of Section 7 of Article 6008 provides as follows:

"Any producer of either sweet or sour gas or casing-head gas may use the same as gas lift in the bona fide production of oil where such gas is not used in excess of ten thousand (10,000) cubic feet per barrel of oil produced; provided that in order to prevent waste in any case where the facts in such case warrant it, the Commission may permit the use of additional quantities of gas to lift oil, provided all such gas so used in excess of ten thousand (10,000) cubic feet for each barrel of oil shall be processed for natural gasoline and the residue burned for carbon black when same is reproduced."

The question asked by you resolves itself into the issue as to whether or not the statutes quoted require that the gas must be produced at the surface through a separate string of casing, and then reinjected to be used for gas lift, or whether the Commission has authority to permit the gas to be introduced into the tubing below the surface, to be used for gas lift, before it has been produced at the surface. In our opinion the Commission has authority to allow an operator to introduce gas into the tubing for gas lift before being produced at the surface, where such operation is an efficient form of gas lift and the mechanical installation is such that there will be no escape of the fluid from one horizon into another horizon.

Honorable John E. Taylor, Page 4.


In view of the provisions of subsections 1(c) and 4 of Section 7 of Article 6008, quoted above, we do not believe that the statutes absolutely require that gas, to be used as gas lift, must be first produced at the surface through a separate string of casing, and then reinjected into the well. In our opinion, the Commission, which is "vested with a broad discretion in administering this law" (see Section 22 of Article 6008) is given authority by the statutes to make proper regulations for the use of gas for gas lift in the manner which it finds to to be most efficient. In order for the gas to be used as a gas lift, it is of course necessary that during such use the gas and the oil and water be commingled in the same tubing. So long as the proper steps are taken to insure against the escape of oil or gas from one stratum into another, we do not believe that the statutes prevent the Commission from permitting the more efficient method of introducing the gas into the tubing below the surface, instead of requiring that the gas first be brought to the surface through a separate string of casing and then reintroduced into the well.

We do not intend by this opinion to indicate in any way that the Commission could not by its regulations require that the gas be first produced at the surface through a separate string of pipe, before it can be used for gas lift. Upon proper investigation, the Commission would, if the facts justified such conclusion, be authorized to require that gas from a gas stratum be first produced at the surface and there measured, before it is introduced into a well for the purpose of using the gas as a gas lift. On the other hand, however, under the facts as outlined in your opinion, if the Commission believes that the gas can be more efficiently used as a gas lift in the bona fide production of oil by the introduction of the gas into the tubing below the surface, we do not believe that the statutes would prohibit the Commission from authorizing such operation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

JPH:ARM

APPROVED MAY 20 1940